IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 25-513 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JOHN ROBERT SLUSS, a/k/a John R. Sluss, ) | |
| and MORGAN COUNTY, INDIANA, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## COMPLAINT

The United States of America, at the direction of a delegate of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. § 7401, brings this civil action to (1) reduce to judgment unpaid federal tax liabilities owed by John Robert Sluss a/k/a/ John R. Sluss and (2) enforce the associated federal tax liens against certain real property belonging to him.  For its complaint, the United States alleges as follows.

### JURISDICTION, PARTIES, AND PROPERTY

1. The district court has jurisdiction pursuant to 26 U.S.C. §§ 7402(a) and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345.

2. The defendant, John Robert Sluss, also known as John R. Sluss, resides in Morgan County, Indiana, within the jurisdiction of this Court.

3. The Defendant, Morgan County, Indiana, s joined as a party to Count II because, as the local taxing authority, it may have a lien or claim an interest in the property described below and to place it on notice of this Court's jurisdiction over the property such that any local tax liens that have priority over federal tax liens under 26 U.S.C. § 6323(b)(6) will be satisfied in

a judicial sale under this Court's authority but that the property may not be sold under other procedures during the pendency of this action.

4. The real property upon which the United States seeks to enforce its tax liens in Count II (the "Real Property") is located at 6950 N. Baltimore Woodland Ln., Monrovia, Indiana and has a legal description in **Exhibit 1** (the "Warranty Deed - Legal Description"), which is hereby incorporated by reference.

Meaning to describe the property conveyed to John Robert Sluss by Mark S. Matthews.

## COUNT ONE
**(Claim Against John R. Sluss to Reduce Income Tax Liabilities to Judgment)**

5. A delegate of the Secretary of the Treasury made an assessment against John R. Sluss for income taxes and penalties on the dates, and in the amounts described below, for tax years 2012, 2013, and 2014 for which Mr. Sluss failed to file tax returns. These liabilities have balances due as of December 2, 2024, including assessed and accrued late-filing payment penalties under 26 U.S.C. § 6651 and penalties for failure to make estimated tax payments under 26 U.S.C. § 6654, costs, and statutory interest, and after applying all abatements, payments, and credits, as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due 12/2/2024 |
|---|---|---|---|---|
| 12/31/2012 | 04/09/2018 | Tax | $460,666.00 | $1,073,893.50 |
| 12/31/2013 | 04/09/2018 | Tax | $814,135.00 | $1,893,033.52 |
| 12/31/2014 | 04/09/2018 | Tax | $327,434.00 | $678,381.87 |
| Total | | | | $3,645,308.89 |

6. Notice of the liabilities described in paragraph 5 was given to, and payment demanded from, John Sluss.

7. Despite proper notice and demand, John Sluss failed, neglected, or refused to fully pay the liabilities described above, and after the application of all abatements, payments,

and credits, remains liable to the United States in the amount of $3,645,308.89, plus statutory additions including interest accruing from and after December 2, 2024.

### COUNT TWO
### (Claim to Enforce Federal Tax Liens Against Real Property)

8. Paragraphs 1-7 above are incorporated herein.

9. John Sluss obtained title to the Real Property by deed dated December 9, 2009.

10. Because John Sluss neglected, refused, or failed to pay the liabilities described in paragraph 5 after notice and demand, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322 on the dates of the assessments and attached to the Real Property.

11. On September 28, 2018, a Notice of Federal Tax Lien ("NFTL") was filed with the County Recorder of Morgan County, Indiana, in accordance with 26 U.S.C. § 6323(f), with regard to the liens for Mr. Sluss' 2012-2014 income tax liabilities.

12. The United States is entitled to enforce the federal tax liens described in paragraph 10 against the Real Property pursuant to 26 U.S.C. § 7403 and to have the entire Real Property sold in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of the sale, including any expenses incurred to secure and maintain the Real Property; and second, to the United States to pay the liabilities described above, except to the extent that another party timely appears in this civil action and the Court determines that such party has a superior right, title, claim, lien or interest.

WHEREFORE, the plaintiff United States of America requests the following relief:

A. Judgment against the defendant John Sluss for income tax liabilities for the periods ending December 31, 2012, 2013, and 2014 in the amount of $3,645,308.89, plus

statutory additions accruing from and after December 2, 2024, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

B. A determination that the United States has valid and subsisting federal tax liens under 26 U.S.C. §§ 6321 and 6322 securing the liabilities described in paragraph A on the Real Property;

C. An order enforcing the federal tax liens securing the liabilities described above pursuant to 26 U.S.C. § 7403 against the Real Property by ordering the sale of the entire Real Property in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of the sale, including any expenses incurred to secure and maintain the Real Property; second, to defendant Morgan County, Indiana, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the plaintiff United States to pay the liabilities described in paragraphs A, except to the extent that another party appears in this civil action and the Court determines that such party has a superior right, title, claim, lien, or interest; and

D. The United States of America shall recover its costs, and be awarded such other and further relief as the Court determines is just and proper.

Plaintiff United States of America,

*/s/ Bradley A. Sarnell*
BRADLEY A. SARNELL
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
202-307-1038 (v)
202-514-5238 (f)
Bradley.A.Sarnell@usdoj.gov